### OVERMIRE et al. v. FAHRENWALD.

(Court of Appeals of District of Columbia. Submitted November 14, 1921. Decided January 3, 1922.)

#### No. 1427.

Patents ⬠91(4)—Evidence held not to show conception of invention by junior applicant prior to filing of senior application.

Where the counts in interference were for a utensil for chemical use, or a chemical resistant ware formed of an alloy which had been previously used for other purposes, evidence that the junior applicant had used the alloy before the date of the senior application as a solder, as weights, and as electrodes, does not establish his prior conception of the invention in issue.

Appeal from the Commissioner of Patents.

Interference proceedings between Charles A. Overmire and another, junior applicants, and Frank A. Fahrenwald, senior applicant. From a decision awarding priority to the senior applicant, the junior applicants appeal. Affirmed.

Grafton L. McGill and F. S. Maguire, both of Washington, D. C., for appellants.

Harold E. Smith, of Cleveland, Ohio, for appellee.

VAN ORSDEL, Associate Justice. The issue of this interference is expressed in the following counts:

"1. A utensil for chemical use consisting of an alloy of palladium and one or more of the noble metals of lower melting point in homogeneous solid solution, wherein the palladium forms not less than about 20 atomic per cent. of the whole.

"2. A container for laboratory use, consisting of an alloy of palladium 10 to 40 per cent. and gold 90 to 60 per cent. in homogeneous solid solution.

"3. Chemical apparatus having a working surface consisting of an alloy of palladium and one or more of the noble metals, gold or silver, in homogeneous solid solution, wherein the palladium forms between 10 and 40 per cent. of the whole.

"4. A heat and chemical resistant ware formed of a metal alloy of approximately 80 per cent. gold and 20 per cent. palladium."

The invention is described in the opinion of the Commissioner of Patents as follows:

"The invention covered by the counts is a device variously denominated 'a utensil for chemical use' (count 1), 'a container for laboratory use' (count 2), 'chemical apparatus' (count 3), or 'chemical resistant ware' (count 4), made of an alloy of gold and palladium in proportions of about one of palladium to five of gold or silver."

The use of an alloy of palladium and gold for dental purposes, points of pencil cases, lancets, and for numerous other purposes where strength and elasticity, coupled with the nontarnishing quality, are required, is old in the art. Hence the parties here must be held strictly to the thing found to be patentable—"a utensil for chemical use."

Fahrenwald filed his application July 13, 1916, which constituted a constructive reduction to practice. It is unnecessary to consider any earlier date for him, since his filing date is prior to any date to which Overmire and Flynn can lay claim.

Overmire and Flynn, the junior parties, to sustain their contention of priority, produce testimony to establish a production of a palladium gold alloy in 1913 for use as a solder. But that is not the invention of the issue. There was testimony that, at a date prior to Fahrenwald's filing date, appellants produced a palladium gold alloy for use as weights; but it is shown that such an alloy was old in 1880. They also produced evidence to establish that as early as November 25, 1914, they made an anode and cathode, and that these electrodes were successfully tested. While the evidence as to this test is not convincing to overcome the burden cast upon the appellants, it may be suggested that there are publications shown to be extant which indicate the use of this alloy for electrodes as early as 1911. But, even if it were not old, electrodes are neither "chemical ware" nor "chemical utensils." Hence it is clear that Overmire and Flynn have totally failed to prove reduction to practice, or even conception, of the use of the alloy of the issue for "a utensil for chemical use" prior to Fahrenwald's filing date.

The decision of the Commissioner of Patents is affirmed.

Affirmed.